## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff/Respondent,**

**vs.**                        **No. CV 10-0396 WJ/LAM**
                                     **CR 07-1865 WJ**

**RODNEY PAUL TENORIO,**

        **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Rodney Paul Tenorio's *Motion [Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody]* (hereinafter "***Motion***")[2] *(Doc. 1)*, filed on April 22, 2010.  In response to the ***Motion***, Plaintiff/Respondent (hereinafter "the Government") filed ***Government's Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1)*** (hereinafter "***Response***") *(Doc. 8)*, on June 25, 2010.  Defendant did not file a reply to the Government's response, and the time for doing so has passed.

United States District Judge William P. Johnson referred the claims raised in the ***Motion*** to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.

---

[1]**Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-10-0396, and all page number references are to the electronic page numbers listed in the PDF header at the top of the document in the CM-ECF docket.

***Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings*** *(Doc. 2)*. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-07-1865, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's ***Motion [Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody]*** *(Doc. 1)* be **DENIED** and that Case No. CIV-10-0396 be **DISMISSED with prejudice**.

### Factual and Procedural Background

The underlying criminal case against Defendant arose from an incident on June 18, 2007, in which Defendant was accused of being a felon in possession of a shotgun and ammunition. *See* ***Criminal Complaint*** *(Doc. 1)*, filed in Case No. CR-07-1865, at 1. Defendant was indicted on September 11, 2007, and charged with: (1) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and (2) being a person subject to a restraining order in possession of the same firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). ***Indictment*** *(Doc. 13)*, filed in Case No. CR-07-1865. At Defendant's trial, his ex-girlfriend, Stephanie Mojica, testified that she saw Defendant with a shotgun on that date, and she then ran to a man across the street to use his cell phone to call the police. *See* ***Transcript of Jury Trial Volume I of III*** *(Doc. 83)*, filed in Case No. CR-07-1865, at 97-98, 100-01, 104-05. When the police arrived, they found a shotgun and ammunition in Ms. Mojica's vehicle (*id.* at 19-20 (testimony of Officer Casaus)), and another witness testified that she saw Defendant sitting in the driver's seat of the vehicle with the shotgun next to him (*id.* at 54-60 (testimony of Jamie Black)). Ms. Mojica testified that on the day before, on June 17, 2007, Defendant had threatened her with

the same shotgun.  *Id.* at 110-112.  Ms. Mojica further testified that after Defendant threatened her on June 17, 2007, she fled with her son and ran to the home of a friend.  *Id.* at 112-13.

On November 7, 2007, a jury convicted Defendant on both counts of the indictment. ***Verdict (Doc. 54)***, filed in Case No. CR-07-1865.  United States District Judge William P. Johnson imposed a four-level sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), based on his finding that Ms. Mojica's uncontroverted and credible testimony established that Defendant's conduct on June 17, 2007, constituted aggravated assault and aggravated stalking and amounted to the same course of conduct on June 18, 2007, being in possession of the same shotgun "in connection with" another felony.  ***Transcript of Sentencing (Doc. 86)***, filed in Case No. CR-07-1865, at 35-45, 56.  On March 11, 2008, Defendant was sentenced to 96 months imprisonment, to be followed by three years of supervised release.  ***Judgment in a Criminal Case (Doc. 75)***, filed in Case. No. CR-07-1865, at 2-3.

On March 20, 2008, Defendant filed a ***Notice of Appeal*** to the Tenth Circuit Court of Appeals.  ***Notice of Appeal (Doc. 77)***, filed in Case No. CR-07-1865.  On February 13, 2009, the Tenth Circuit Court of Appeals affirmed the District Court's judgment, including the four-level sentence enhancement imposed by the District Court pursuant to U.S.S.G. § 2K2.1(b)(6).  *See* ***Order and Judgment (Doc. 96)***, filed in Case No. CR-07-1865, at 14-17.  Defendant filed his § 2255 motion on April 22, 2010 (***Motion (Doc. 1)***), and the Government concedes that his motion was timely filed (*see* ***Response (Doc. 8)*** at 4).[3]  The Court reviews Defendant's *pro se* pleadings under

---

[3]A motion under 28 U.S.C. § 2255 is timely if it is filed within one year from the date the conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  The United States Supreme Court has held that, "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  The Tenth Circuit dismissed Defendant's appeal on February 13, 2009, and he had 90 days from that date, or until May 14, 2009,  in which to file a petition for writ of certiorari with the United States Supreme
(continued...)

a liberal standard.  *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).  However, the Court may not act as his advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Discussion

In his ***Motion (Doc. 1)***, Defendant raises three grounds for relief.  First, Defendant claims that the District Court erred by enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(6).  *Id.* at 4.  Second, Defendant claims that there was insufficient evidence to support his conviction.  *Id.* at 5.  Third, Defendant claims that his counsel in his underlying criminal case was ineffective for two reasons, which are: (1) for failing to argue that certain witnesses (not identified by Plaintiff under this claim) contradicted each other regarding the June 17, 2007, events that led to his sentence enhancement; and (2) for failing to contest whether the elements of aggravated assault or aggravated stalking were established through Ms. Mojica's testimony.  *Id.* at 7.  As relief, Defendant asks the Court to either correct his sentence, or vacate or set aside his sentence.  *Id.* at 12.

### A.  Claim That District Court Erred by Enhancing Defendant's Sentence

Defendant contends that the District Court erred by enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(6) because the testimony of Jamie Black and Sarah Garcia regarding the events of June 17, 2007, contradicts the testimony of Ms. Mojica.  ***Motion (Doc. 1)*** at 4 (citing ***Transcript of Jury Trial Volume I of III (Doc. 83)***, filed in Case No. CR-07-1865, at 78-79, and ***Transcript of Jury Trial Volume II of III (Doc. 84)***, filed in Case No. CR-07-1865, at 148-49).[4]  Defendant

---

[3](...continued)
Court.  *See* Sup. Ct. R. 13(1).  Since Defendant filed his ***Motion*** within one year of that time, his ***Motion*** is timely.

[4]Even though Defendant cites to Vol. I of the trial transcript for both Ms. Black's and Ms. Garcia's testimony, Ms. Garcia's testimony can be found in Vol. II of the trial transcript at *Document 84*, filed in Case No. CR-07-1865, starting at page 146.

states that "[o]n the basis of this contradictory testimony it was clear error for the Judge to find Ms. Mojica['s] testimony concerning the events of June 17th 'uncontroverted.'" ***Motion** (Doc. 1)* at 4 (citing ***Transcript of Jury Trial Volume I of III** (Doc. 83)*, filed in Case No. CR-07-1865, at 93, wherein Ms. Mojica stated that she did not see Defendant on June 17th).  The Government contends that Defendant is precluded from raising this claim because the Tenth Circuit addressed and disposed of the issue on Defendant's direct appeal.  ***Response** (Doc. 8)* at 10.  The Government further contends that, even if the claim is not precluded, the District Court properly found Ms. Mojica's testimony to be credible in its finding that Defendant's sentence should be enhanced because Ms. Mojica's testimony is not in conflict with the testimony of Ms. Black or Ms. Garcia. ***Response** (Doc. 8)* at 10-12.

Claims that have already been addressed and disposed of on direct appeal are generally precluded from review in a § 2255 motion.  *See United States v. Warne*r, 23 F.3d 287, 291 (10th Cir. 1994) (holding that issues previously considered and disposed of on direct appeal may not be raised under § 2255 motions);  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."*)*; *United States v. Wade*, No. 09-4063, 342 Fed. Appx. 375, 377, 2009 WL 2502080 (10th Cir. Aug. 18, 2009) (unpublished) ("The district court was correct to reject this claim, *inter alia*, because we had previously rebuffed it on direct appeal.") (citations omitted); *United States v. Varela-Ortiz*, No. 06-2057, 189 Fed. App'x 828, 830, 2006 WL 2076811 (10th Cir. July 27, 2006) (unpublished) ("Because we already disposed of this issue on direct appeal, Mr. Varela-Ortiz may not raise it again in a § 2255 petition.") (citations omitted).  Defendant raised in his direct appeal the issue of whether the Court committed clear error by stating that Ms. Mojica's testimony was "uncontroverted" when

it found that her testimony was credible.  *See **Order and Judgment** (Doc. 96)*, filed in Case No. CR-07-1865, at 14-16.  The Tenth Circuit held that "[t]he district court itself is the factfinder at sentencing and may make all necessary credibility determinations;" the court was well within its discretion to find that Ms. Mojica's testimony was credible; and "[o]nce such a determination is made, it is 'virtually unreviewable on appeal.'" *Id.* at 16 (quoting *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1134 (10th Cir. 2003)).  The Tenth Circuit further explained that it would not find that testimony is not credible as a matter of law, unless the testimony "'is unbelievable on its face, i.e., testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature.'" *Id.* at 16 (again quoting *Virgen-Chavarin*, 350 F.3d at 1134).  Plaintiff, therefore, is precluded from re-raising the argument that the District Court erred in finding that Ms. Mojica's testimony is uncontroverted.

Moreover, even if this argument were not precluded, the Court finds that Defendant fails to provide any support for his contention that Ms. Mojica's testimony contradicted Ms. Black's or Ms. Garcia's testimony.  Defendant states that Ms. Black "testified that she saw Ms. Mojica and [Defendant] together on June 17th,  at their shared residence, not at somebody else's apartment," and that Ms. Mojica let Defendant take her car and their son.  ***Motion** (Doc. 1)* at 4 (citing ***Transcript of Jury Trial Volume I of III** (Doc. 83)*, filed in Case No. CR-07-1865, at 78-79).  Defendant also states that Ms. Garcia "testified that she saw [Defendant] with [his son] on the evening of June 17th, [and that] Ms. Mojica was not with them.  *Id.*(citing ***Transcript of Jury Trial Volume II of III** (Doc. 84)*, filed in Case No. CR-07-1865, at 303-304, which is CM-ECF pages 148-49).  Neither of these statements contradict the District Court's finding that Ms. Mojica's testimony established that Defendant's conduct on June 17, 2007, constituted aggravated assault and aggravated stalking.  Ms. Black's and Ms. Garcia's testimony merely describes their observations of Defendant and/or

Ms. Mojica during portions of the day of June 17, 2007; their testimony does not contradict what Ms. Mojica testified occurred on June 17, 2007, because Ms. Mojica's testimony describes events that could have taken place outside of the presence of Ms. Black and Ms. Garcia. *See **Transcript of Jury Trial Volume I of III** (Doc. 83)*, filed in Case No. CR-07-1865, at 110-13. Ms. Mojica's testimony is not unbelievable on its face because the events Ms. Mojica testified about could still have occurred, even taking as true the testimony of Ms. Black and Ms. Garcia. Therefore, Defendant's claim that the District Court erred by enhancing his sentence because Ms. Mojica's testimony was contradicted by other witnesses should be denied.

## B.  Insufficient Evidence Claim

Defendant's second claim is that there was insufficient evidence to support his conviction. ***Motion** (Doc. 1)* at 5. Specifically, Defendant states that because of inconsistent testimony at trial, there is reason to doubt that Defendant was seen with the weapon or was in possession of it. *Id.* The Government contends that this claim is procedurally barred because Defendant did not raise it in his direct appeal when he had an opportunity to do so. ***Response** (Doc. 8)* at 12.

A petitioner is barred from raising an issue in a § 2255 motion that he failed to raise on direct appeal, "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Bolden*, 472 F.3d 750, 752 (10th Cir. 2006) (internal quotation marks and citation omitted). The United States Supreme Court has explained that "the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made," but instead the "cause" standard requires Defendant to "show that some objective factor external to the defense impeded counsel's" ability to raise an issue on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of an "objective factor external

-7-

to the defense" that would constitute cause for failing to raise an issue on appeal include "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials made compliance impracticable."  *Id.* (internal quotation marks and citations omitted).  The "fundamental miscarriage of justice" exception applies only in a narrow class of cases involving "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

In his direct appeal, Defendant failed to raise the claim that there was insufficient evidence to convict him and, when answering the question in his ***Motion*** why the issue was not raised in his direct appeal, Defendant merely states that his lawyer "did not bring it up in [his] direct appeal." ***Motion (Doc. 1)*** at 6.  While ineffective assistance of counsel is an external factor that may constitute "cause" excusing a procedural default (*Murray*, 477 U.S. at 488), Defendant does not appear to allege that his appellate counsel was ineffective for failing to raise this issue on his direct appeal and, as discussed in Section C below, Defendant only raises issues related to his trial counsel under his "Ineffective Assistance of Counsel" claim (*see **Motion (Doc. 1)*** at 7).  Nevertheless, even if the Court were to construe Defendant's statement that his lawyer did not bring this issue up on direct appeal as a claim for ineffective assistance of counsel based on failure to raise a claim on appeal, this claim would fail.

In analyzing an effective assistance of counsel claim based upon the failure to raise an issue on appeal, the Court must consider the merits of the omitted issue.  *See Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001).  "While counsel should not omit plainly meritorious claims, counsel need not raise meritless issues." *Smith v. Workman*, 550 F.3d 1258, 1268 (10th Cir. 2008) (internal quotation marks and citation omitted) (holding that appellate counsel was not ineffective for failing to raise a meritless claim).  Moreover, a party "must show an 'objectively unreasonable'

-8-

decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" *Id.* (quoting *Neill*, 278 F.3d at 1057 and n.5).  Defendant appears to claim that there was insufficient evidence to support his conviction because the testimony given by Officer Casaus, Jamie Black, and Detective Garcia provides doubt that Defendant was seen with the weapon or that he was in possession of it.  ***Motion (Doc. 1)*** at 5 (citing ***Transcript of Jury Trial Volume I of III (Doc. 83)***, filed in Case No. CR-07-1865, at 33-34 (testimony of Officer Casaus) and 77 (testimony of Ms. Black); and ***Transcript of Jury Trial Volume II of III (Doc. 84)***, filed in Case No. CR-07-1865, at 221-222, which is CM-ECF pages 66-67) (testimony of Detective Garcia)).  The Court finds that despite the fact that the testimony cited by Defendant includes inconsistent accounts of the events of June 18, 2007, such inconsistencies do not render the witnesses' testimony to be incredible.  *See Tapia v. Tansy*, 926 F.2d 1554, 1562 (10th Cir. 1991) (holding that the Court should "presume that the jury's findings in evaluating the credibility of each witness are correct," and that the fact that there are conflicting versions of an event does not affect the Court's "determination of credibility as a matter of law").  The Court does not find that the testimony given by these witnesses is incredible so that there was insufficient evidence on which to convict Defendant.  For example, while Officer Casaus testified that Ms. Mojica told him that she never saw Defendant holding the shotgun (***Transcript of Jury Trial Volume I of III (Doc. 83)***, filed in Case No. CR-07-1865, at 33-34), he also testified that Ms. Mojica told him that Defendant put the shotgun in the car (*id.* at 36-37).  Similarly, Ms. Black's testimony that she did not see the gun until Ms. Mojica pointed it out to her (*id.* at 77) does not provide significant doubt that Defendant was in possession of the shotgun, especially given Ms. Mojica's testimony that she saw Defendant with the gun (*id.* at 97).  Finally, even though Officer Garcia testified that Ms. Mojica said that Defendant had the shotgun in his pants (***Transcript of Jury Trial Volume II of III (Doc. 84)***, filed

in Case No. CR-07-1865, at CM-ECF pages 66-67), he also testified that Ms. Mojica stated that when she saw Defendant, he was getting in the car (*id.*).  Defendant's claim that there was insufficient evidence to convict him is not plainly meritorious, and the Court finds that it was not objectively unreasonable for his appellate counsel to fail to raise the issue on direct appeal. Moreover, Defendant has not shown that there is a reasonable probability that the outcome of his direct appeal would have been any different had his appellate counsel raised the claim.  Defendant, therefore, fails to make any showing of cause excusing him from failing to raise on appeal the claim that there was insufficient evidence to convict him.  Defendant also fails to make any showing that there has been any "fundamental miscarriage of justice" in his case.  The Court, therefore, finds that this claim is procedurally barred and should be denied.

### C.  Ineffective Assistance of Counsel Claims

Finally, Defendant claims that his counsel in his criminal case was ineffective because: (1) at sentencing, his counsel "didn't argue the main thing about witnesses being contr[i]dictory [sic] towards each other about events that occured [sic] on June 17th," despite ample time to prepare for arguments regarding Defendant's sentence enhancement; and (2) his counsel failed to contest whether the elements of aggravated assault or aggravated stalking were established through Ms. Mojica's testimony.  ***Motion (Doc. 1)*** at 7.  Defendant states that if his counsel "would have argued these issues[,] a different outcome would have come about."  *Id.*  The Government contends that, while Defendant does not state which witnesses he believes provided contradictory testimony, if Defendant is arguing that the testimony of Ms. Black and Ms. Garcia conflicts with Ms. Mojica's testimony, such an argument fails because their testimony is not contradictory.  ***Response (Doc. 8)*** at 6-8.  The Government further contends that Defendant's counsel "argued strenuously at sentencing that the assault and stalking offenses allegedly committed by his client on June 17 were

not proven beyond a reasonable doubt by the jury, nor by a preponderance standard," and that Defendant's counsel argued that there was no support in the record to justify the four-level enhancement (because Ms. Mojica failed to mention the June 17th incident in her domestic violence report), and that the jury discounted the evidence regarding Defendant's possession of the shotgun (because they sent a note to the Court asking whether Defendant's sitting next to the shotgun constituted possession). *Id.* at 8-9.

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id.*  To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688.  To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694.  The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

The Court finds that Defendant fails to provide support for his claim that his counsel was ineffective for failing to argue that witnesses' testimony was contradictory.  First, Defendant fails to  name the witnesses he thinks provided contradictory testimony, and he fails to state what that contradictory testimony is. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se*

litigant must allege "sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").  Moreover, even assuming Defendant is referring to the testimony of Ms. Black and Ms. Garcia, whom he alleges in his first claim gave contradictory testimony to Ms. Mojica's testimony, their testimony does not contradict the testimony relied on by the District Court in applying the four-level sentence enhancement.  First, as discussed in Section A. above, Ms. Black's and Ms. Garcia's testimony merely describes what they observed regarding Defendant on certain portions of the day on June 17, 2007.   *See Transcript of Jury Trial Volume I of III (Doc. 83)*, filed in Case No. CR-07-1865, at 78-79, and *Transcript of Jury Trial Volume II of III (Doc. 83)*, filed in Case No. CR-07-1865, at CM-ECF pages 147-49.  This testimony, therefore, does not contradict Ms. Mojica's testimony, whose testimony describes events that could have taken place outside of the presence of Ms. Black and Ms. Garcia.  *Transcript of Jury Trial Volume I of III (Doc. 83)*, filed in Case No. CR-07-1865, at 110-13.  Defendant points to no testimony that contradicts Ms. Mojica regarding the incident between her and Defendant on June 17, 2007.  Defendant's counsel was not objectively unreasonable for failing to raise an argument that is without merit and, therefore, Defendant's claim that his counsel was ineffective for failing to argue at his sentencing that witnesses provided contradictory testimony should be denied.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (holding that counsel's failure to raise meritless issue in underlying criminal case did not constitute ineffective assistance).

   In addition, Defendant's claim that his counsel was ineffective for failing to contest whether the elements of aggravated assault and aggravated stalking were established also fails.  Contrary to Defendant's claim, his counsel did make arguments regarding the lack of evidence of the June 17, 2007, incident with Ms. Mojica.  *See Transcript of Sentencing (Doc. 86)*, filed in Case

No. CR-07-1865, at 16-17 and 27-28.  Because Defendant's counsel argued that the evidence before the Court was not sufficient for a finding that Defendant's conduct constituted the crimes of aggravated assault and aggravated stalking, Defendant's claim that his counsel was ineffective for failing to make this argument is without merit and should be denied.  *See Hall*, 935 F.2d at 1110 (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based").

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Mr. Tenorio's ***Motion [Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody] (Doc. 1)*** be **DENIED**, and that Case No. CIV-10-0396 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**